# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALLEN PITTMAN, <br><br> Plaintiff, <br> vs. <br><br> BARCLAYS CAPITAL REAL ESTATE, INC. d/b/a HOMEQ SERVICING CORPORATION, <br><br> Defendant. | CASE NO. 09 CV 0241 JM (AJB) <br><br> **ORDER:** <br> **1) GRANTING MOTION TO DISMISS (Doc. No. 3) and** <br> **2) DENYING MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 9)** |

On January 5, 2009, Plaintiff Jeffrey Allen Pittman[1] ("Plaintiff") initiated an action in San Diego Superior Court, North County Division, alleging violations of California Commercial Code § 3301, California Civil Code §§ 2924, 1708, and 1788, et seq. ("Rosenthal Act"), and California Business and Professions Code § 17200 (Unfair Competition Law). (Doc. No. 1, Exh. A ("Compl.") at 2.) On February 10, 2009, Defendant Barclays Capital Real Estate Inc. d/b/a Homeq Servicing ("HomEq"), removed the case to federal court. (Doc. No. 1.)

Pending before the court are two motions: 1) HomEq's motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 3, "MTD"); and 2) Plaintiff's motion for a preliminary injunction to enjoin any foreclosure sale of his property (Doc. No. 9, "MPI"). Each party opposes the motion filed by the other. Pursuant to Civ.L.R. 7.1(d), the matters were taken under

---

[1] The court notes the absence from the case of a possible indispensable plaintiff, Sarah Denise Combs, named as a joint tenant on the Deed of Trust. (MTD, Exh. 3.)

submission by the court without oral argument on April 17, 2009. For the reasons set forth below, the court **GRANTS** HomEq's motion to dismiss and **DENIES** Plaintiff's motion for a preliminary injunction.

//

## I. BACKGROUND

On November 18, 2005, Plaintiff obtained a home mortgage loan from lender HomeLoanAdvisors.Com with which he purchased the subject property. (Compl. ¶ 18.) Plaintiff's promise to pay the Adjustable Rate Note was secured by a Deed of Trust on the property. (Compl. ¶ 55, Exh. A; MTD, Exh. 3.) Plaintiff later defaulted on the loan, leading to the initiation of foreclosure proceedings. (Compl. ¶¶ 28, 47, 49, 84, Exhs. C and E.) During a status conference before the court on February 27, 2009, HomEq represented that no foreclosure sale would take place until Plaintiff's motion for preliminary injunction was decided by the court.

In his first cause of action, Plaintiff argues HomEq does not have the authority to enforce the Note through foreclosure proceedings and requests declaratory and injunctive relief. Next, Plaintiff alleges HomEq committed a "tort-in-se" by breaching a statutory duty allegedly imposed by Cal. Civil Code § 2923.6(a) when it refused to accept his loan modification demand. Plaintiff claims this conduct also violated Cal. Civ. Code § 1708 and California's Unfair Competition Law (UCL), Cal. Bus. Prof. Code § 17200 *et seq*. Plaintiff asserts his fifth cause of action under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17. Plaintiff seeks injunctive relief, damages, attorneys' fees and costs, and rescission.

//

## II. MOTION TO DISMISS

### A. Legal Standards

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the plaintiff, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). While Rule 12(b)(6) dismissal is proper only in "extraordinary" cases,

the complaint's "factual allegations must be enough to raise a right to relief above the speculative level...." U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981); Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only if the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Furthermore, under the "incorporation by reference" doctrine, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks omitted).[2]

**B. Analysis**

*1. Lack of Standing to Enforce the Note*

In his first cause of action, Plaintiff argue HomEq lacks standing to proceed to foreclosure because it has no enforceable rights in the Note. (Compl. ¶ 71.) In particular, Plaintiff alleges HomEq is absent from the Note's chain of title and has not otherwise shown it is a "holder" or "nonholder in possession" of the instrument as required by Cal. Comm. Code § 3301. Because HomEq arguably lacks standing to foreclose, Plaintiff contends any actions taken under the statutes governing nonjudicial foreclosures, Cal. Civ. Code § 2924 *et seq.*, were unlawful. (Compl. ¶ 70.)

Plaintiff's contentions are, in fact, correct, but they actually work in HomEq's favor. As Plaintiff notes, HomEq is neither the beneficiary nor the trustee. HomEq is merely the loan servicer and has no beneficial interest in the Note. However, at no point in any of his submissions does Plaintiff allege that HomEq, on its own behalf or as an agent to purported beneficiary Deutsche Bank, has taken any action whatsoever to effect foreclosure on the property. Rather, only foreclosure trustee

---

[2] To this end, the court may consider the Adjustable Rate Note, Notice of Default, Assignment of Deed of Trust, and Notice of Trustee's Sale attached to Plaintiff's Complaint. (Compl., Exhs. A, C-E.) The court may also consider the Deed of Trust and Substitution of Trustee submitted by HomEq and grants the Request for Judicial Notice for these documents. (MTD, Exhs. 3 and 9; Doc. No. 4.)

1  Old Republic Default Management Services ("Old Republic") has taken such action; Old Republic
2  recorded both the Notice of Default and Notice of Trustee's Sale. (Compl., Exhs. C, E.)  While
3  Plaintiff is right that HomEq does not have any enforceable rights in the Note, Plaintiff has failed to
4  show HomEq has made any attempt to enforce the obligation.  Plaintiff's lack of standing claim is
5  properly brought against Deutsche Bank and Old Republic and, based on the record before the court,
6  fails to state a claim against HomEq.

7  As to the chain of title, HomEq contends Plaintiff, in his capacity as principal of the original
8  beneficiary, HomeLoanAdvisors.Com, transferred an interest in the Deed of Trust and the Note to
9  New Century Mortgage Corporation by Allonge. (Doc. No. 16 at 2, Exh. D.)  The Allonge is undated
10 and it appears neither it nor any assignment to New Century was never recorded.  Thereafter, New
11 Century assigned its interest to Deutsche Bank National Trust Company ("Deutsche Bank").[3] (MTD,
12 Exh. 3.)  Plaintiff argues the Allonge was ineffective as an endorsement to New Century, and thus,
13 it is unclear at this point who, including Plaintiff's company, holds the right to enforce the Note.[4]
14 (Doc. No. 18 at 2.)  Regardless of whether Deutsche Bank is properly authorized to foreclose on the
15 property, Plaintiff's claim against *HomEq* fails for the simple reason that Plaintiff has not alleged
16 HomEq is either effecting foreclosure or has claimed a right to do so.

17 Based on this claim, Plaintiff seeks a declaration that the Note and Deed of Trust are invalid
18 and injunctive relief to enjoin any foreclosure sale.  HomEq has no interest in either document and
19 thus, there are no respective interests to declare.  HomEq's motion to dismiss the declaratory relief
20 claim is therefore granted. The court notes Plaintiff made a separate motion for preliminary injunction
21 which is addressed in Section III, below.

22 *2. "Tort-in-Se" for Violation of Cal. Civ. Code § 2923.6*

23 Plaintiff argues HomEq violated Cal. Civ. Code § 2923.6 when it did not accept the modified

---

[3] Plaintiff argues the assignment is invalid because it assigned the Deed of Trust without the Note. (Opp'n to MTD at 4.) However, the Assignment clearly transfers "all beneficial under that certain Deed of Trust...together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust." (Compl., Exh. D.)

[4] The court observes Plaintiff had an opportunity to contest Deutsche Bank's and HomEq's standing rights during his Chapter 7 Bankruptcy proceedings, during which the parties won an uncontested motion for relief from the automatic stay. (MTD, Exh. 8.)  Although the court does not decide the issue, Plaintiff's acquiescence could be construed to have preclusive effect.

loan payment terms he proposed. (Compl. ¶ 96.) Plaintiff asserts HomEq's violation of a statutory duty constitutes a "tort-in-se." (Compl. ¶ 100.)

Section § 2923.6 provides, "any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool...and that a servicer acts in the best interests of all parties" by modifying a defaulted loan to recover a greater amount than it would through foreclosure. Plaintiff engages in a lengthy discussion regarding the state legislature's intent that the statute help curb the wave of foreclosures and concludes the statute was meant to assist borrowers. (Doc. No. 18 at 8-9.) However, even assuming Plaintiff's analysis is correct, the cited statute clearly addresses this concern by creating a duty between a loan servicer and a *loan pool member*. The statute in no way confers standing on a *borrower* to contest a breach of that duty. Despite Plaintiff's assertion to the contrary, he personally is not a member of a loan pool, nor has he alleged he is a party to any "pooling and servicing agreement" which might trigger the statute.[5] Because HomEq, as the loan servicer, owes Plaintiff no statutory duty, Plaintiff fails to state a claim for a "tort-in-se." Therefore, the court grants HomEq's motion to dismiss on this claim.

### *3. Violation of Cal. Civ. Code § 1708*

Plaintiff alleges HomEq's conduct violated Cal. Civ. Code § 1708 which provides, "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Although it is unclear from the Complaint, it appears Plaintiff's claim is premised on the alleged violation of Cal. Civ. Code § 2923.6. (MTD Opp'n at 9.) As Plaintiff fails to state a claim for the underlying violation, he cannot maintain a derivative claim based thereon. Consequently, the court grants HomEq's motion to dismiss on this claim.

### *4. Violation of California's Unfair Competition Law*

Plaintiff's claim for violation of California's UCL is based on HomEq's purported violations of Cal. Comm. Code § 3301 and Cal. Civ. Code §§ 1708, 2923.6, and 2924. (MTD Opp'n at 10.) The court has addressed each of these underlying claims in the preceding sections and found them lacking. Plaintiff's predicate claims are therefore insufficient to support this derivative claim. Thus, HomEq's

---

[5]The court observes Plaintiff's argument that his loan is part of a loan pool is in direct contradiction to his argument that Deutsche Bank "as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 Mortgage Pass-through Certificates, Series 2006 NC3" lacks standing to foreclose on the property.

1  motion to dismiss is granted on the UCL claim.

   *5. Violation of California's Rosenthal Act*

Plaintiff alleges HomEq violated the Rosenthal Act, Cal. Civ. Code § 1788.17, in particular the sections incorporating standards set forth in 15 U.S.C. §§ 1692f(1) and (6). However, as HomEq observes, Plaintiff's claims are wholly unsupported by relevant factual allegations and are subject to dismissal on this basis alone. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) ("the court is not required to accept legal conclusions cast in the form of factual allegations"). On a more basic level, even if Plaintiff had pled relevant facts, he fails to state a claim under the Rosenthal Act because a residential mortgage loan does not qualify as a "debt" under the statute. The Rosenthal Act protects consumers from debt collection practices for "consumer debts," created through transactions in which "property, services or money is acquired on credit...primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e)-(f). Thus, foreclosing on a deed of trust does not invoke the statutory protections. Additionally, as discussed above, Plaintiff has not alleged HomEq itself has taken any action in the foreclosure proceedings. Plaintiff fails to state a claim under the Rosenthal Act and Homeq's motion to dismiss is granted.

//

## III.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's motion for preliminary injunction raises the same issues as his Complaint. Plaintiff bears the burden of showing: (1) a combination of probable success and the possibility of irreparable harm, or (2) serious questions and the balance of hardship tips in his favor. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either formulation, Plaintiff must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury." Id. As the discussion above outlines, Plaintiff has failed to demonstrate a likelihood of success on the merits and is not entitled to injunctive relief against HomEq.

//

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** HomEq's motion to dismiss. (Doc. No. 3.) In particular, Plaintiff's claim for violation of Cal. Comm. Code § 3301 and the Unfair Competition Law claim based thereon are **DISMISSED** without prejudice. Plaintiff's tort-in-se claim

1 | for violation of Cal. Civ. Code § 2923.6 and the Unfair Competition Law claim based thereon, his
2 | claim under Cal. Civ. Code § 1708, and his Rosenthal Act claim are **DISMISSED** with prejudice.
3 | Plaintiff's motion for preliminary injunction against HomEq is **DENIED**.  (Doc. No. 9.)
4 | **IT IS SO ORDERED.**
5 | DATED:  April 24, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge